UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE RED,

    Plaintiff,

v.

QUINCY HECK,

    Defendant.

Case No. 20-cv-02853-JD

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Pro se plaintiff George Red, a state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1    cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above

2    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4    face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

5    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6    must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

7    should assume their veracity and then determine whether they plausibly give rise to an entitlement

8    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he received inadequate medical care.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.  *Id.* at 1059-60.

The original complaint was dismissed with leave to amend to provide more information. Plaintiff has provided some additional information but has still failed to state a claim.  He names several defendants and describes the actions they took concerning a growth in his body.  He

describes attempts to X-ray it and obtain a sample but both failed. The growth was later removed, and plaintiff argues that if it had been removed earlier there would have been fewer medical issues. But plaintiff fails to describe how defendants' actions were deliberately indifferent to his serious medical needs. The events that plaintiff describes occurred in 1994 and 1995. He does not state where he was incarcerated but he cites to a surgery that occurred in Santa Maria, California which is located in the Central District of California.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.[1] *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

The amended complaint is dismissed with leave to amend to provide more information. Plaintiff must identify the specific defendants and describe how their actions violated his constitutional rights. He must also demonstrate why this case is not untimely as the events he describes were 25 years ago and the statute of limitations is at the most four years. Finally, he should state where he was incarcerated when these events took place.

## CONCLUSION

1. The amend complaint is **DISMISSED** with leave to amend. The second amended complaint must be filed by **October 5, 2020**, must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

3

not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case under Federal Rule of Civil Procedure 41(b).

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 31, 2020

JAMES DONATO
United States District Judge