UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RED,<br><br>    Plaintiff,<br><br>    v.<br><br>QUINCY HECK, et al.,<br><br>    Defendants. | Case No. 20-cv-02853-JD<br><br>**ORDER OF DISMISSAL** |

Pro se plaintiff George Red, a state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he received inadequate medical care.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

Plaintiff alleges that several defendants provided inadequate medical care in 1995, while he was incarcerated in Lompoc, California.  Lompoc is located in the Central District of California; therefore, the Northern District is not the proper venue.  Even if this was the proper

2

venue, plaintiff was also informed that he must address the statute of limitations issue, but he has failed to present any arguments that would make this action timely.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.[1] *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

Rather than transfer this case, the complaint is dismissed because it is clear that the underlying events are untimely by more than 20 years. Because plaintiff has already been provided multiple opportunities to amend and further amendment would be futile, this case is dismissed without leave to amend.

**CONCLUSION**

1. This case is **DISMISSED** with prejudice.
2. The Clerk is requested to close this action.

**IT IS SO ORDERED.**

Dated: November 9, 2020

JAMES DONATO
United States District Judge

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

3